UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
DAVID EIDMAN,                                         :

                                  Plaintiff,         :          08 Civ. 03392 (LBS)

              -against-                               :

ERNEST STANLEY O'NEAL, et al.                        :

                                  Defendants.        :
-------------------------------------------------------------x
In re: MERRILL LYNCH & CO., INC.,                    :          07 Civ. 9633 (LBS)
       Securities, Derivative & ERISA Litigation     :
-------------------------------------------------------------x

**PLAINTIFF EIDMAN'S MEMORANDUM OF LAW
IN SUPPORT OF REQUEST FOR RULING ON PLAINTIFF'S
MOTION TO REMAND THE ACTION TO THE NEW JERSEY
SUPERIOR COURT PURSUANT TO 28 U.S.C. § 1447(C)**

**PRELIMINARY STATEMENT**

Pursuant to this Court's Order dated May 12, 2008, Plaintiff David Eidman respectfully submits this Memorandum of Law in support of his request for a ruling on Plaintiff's fully-briefed Motion to Remand the Eidman Action to the New Jersey Superior Court pursuant to 28 U.S.C. § 1447(c) ("Motion to Remand") prior to any further proceedings in the In re: Merrill Lynch & Co., Inc. Securities, Derivative & ERISA Litigation (the "Consolidated Cases"). Because the jurisdictional issue raised by the Motion to Remand is a fundamental one, and because this Court lacks jurisdiction over the Eidman action which alleges state law claims, the Court should now hear, and grant, Plaintiff's Motion to Remand separate and apart from any further proceedings in the Consolidated Cases.

## STATEMENT OF FACTS

Plaintiff Eidman filed his Amended Verified Derivative Complaint (the "Complaint") on December 4, 2007 in New Jersey Superior Court, Bergen County. See Amended Verified Derivative Complaint, attached to the Kroub Declaration ("Kroub Decl."), submitted herewith, Ex. A. Plaintiff's Complaint asserted state law causes of action for breach of fiduciary duties, abuse of control, gross mismanagement, waste of corporate assets and unjust enrichment against defendants the Board of Directors of Merrill Lynch & Co., Inc. ("Merrill Lynch") and nominal defendant Merrill Lynch.

On January 9, 2008, nominal defendant Merrill Lynch removed the Eidman action to the United States District Court for the District of New Jersey arguing that the claims asserted in the Complaint arose under federal law.

On January 23, 2008, Plaintiff moved the New Jersey District Court to remand the Eidman action to the New Jersey Superior Court pursuant to 28 U.S.C. § 1447(c) on the grounds that the District Court did not have original jurisdiction over this action because: (i) the Complaint did not allege any federal claims; and (ii) there was a lack of "complete" diversity. See Plaintiff's Motion to Remand, Kroub Decl., Ex. B. Merrill filed its opposition to Plaintiff's Motion to Remand on February 19, 2008 (see Kroub Decl., Ex. C) and Plaintiff filed his reply on February 25, 2008 (see Kroub Dec., Ex. D).

Prior to Judge Wigenton of the District of New Jersey ruling on Plaintiff's Motion to Remand, this action was transferred to this Court pursuant to MDL Transfer Order dated April 7, 2008.

By letter dated May 5, 2008, counsel for Plaintiff Eidman informed this Court of Plaintiff's pending Motion to Remand and requested that the Court hear said Motion at the Court's earliest opportunity. See Plaintiff's May 5, 2008 Letter, Kroub Decl., Ex. E.

By Order dated May 12, 2008, the Court directed counsel for Merrill and Plaintiff Eidman to brief "whether it is appropriate for the Court now to consider the aforementioned motion to remand separate and apart from any further proceedings in the consolidated cases." See May 12, 2008 Order, Kroub Decl., Ex. F.

Because this Court lacks original jurisdiction over this improperly removed action, and for all of the reasons discussed below, this Court should decide Plaintiff's Motion to Remand separate and apart from any further proceedings in the Consolidated Cases.

## ARGUMENT

**A.    This Court Lacks Subject Matter Jurisdiction Over This Action and, Therefore, Must Decide Plaintiff's Motion to Remand Separate and Apart from any Further Proceedings in the Consolidated Cases**

Pursuant to 28 U.S.C. § 1447(c), a federal court must remand an action to state court should it lack jurisdiction at any time prior to final judgment:

> If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

Id. (Emphasis added).

The 1988 House Report makes clear that district courts are under an obligation to remand for procedural defect so long as the plaintiff's motion for remand is timely[1]. See

---

[1]    Plaintiff timely filed his motion to remand 14 days after Defendants' removed the action to the District of New Jersey, and, therefore, within the 30 day deadline mandated by 28 U.S.C. § 1447(c).

H.R. Rep. No. 889, 100th Cong., 2d Sess. 73 (1988). "The rule is inflexible and without exception, and requires a court to deny jurisdiction in all cases where such jurisdiction does not affirmatively appear in the record." Bellinder v. Microsoft Corp., No. 99-2578, 2000 U.S. Dist. LEXIS 6789 at *4 (D. Kan. March 24, 2000) citing Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982).

Moreover, Congress has mandated that courts hear motions to remand in a timely fashion:

> Congress' desire that remand be handled expeditiously is reflected in the plain language of § 1447(c): the motion to remand '*must* be made within thirty days after [removal].'.

In re Shell Oil Co., 932 F.2d 1523, 1529 n.9 (5th Cir. 1991) (emphasis in original). "The purpose of the thirty-day requirement is to ensure that procedural defects be raised, if raised at all, within thirty days of removal in order to ensure timely consideration by the district court, thereby minimizing the burdens on all parties and the courts involved." FDIC v. Loyd, 955 F.2d 316, 322 (5th Cir. 1992) (emphasis added).

Courts in this jurisdiction have routinely answered the jurisdictional question raised in a motion to remand promptly following a conditional transfer order issued by the MDL Panel. See In re Nasdaq Market Makers Antitrust Litig., 938 F. Supp. 232 (S.D.N.Y. 1996) (Sweet, J.) (jurisdictional issue raised in motion to remand decided two months following an MDL transfer order and renewed motion to remand; significantly, the court deemed a letter alerting it to the pendency of the remand motion as a renewed motion to remand); Lee v. Marsh & McLennan Co., Inc., No. 06 CV 6523, 2007 U.S.

Dist. LEXIS 16489 (S.D.N.Y. March 7, 2007) (Kram, J.) (jurisdictional issue raised in motion to remand decided 4 months following transfer).

Plaintiff's Motion to Remand has at the very least created an "appearance" that this Court lacks subject matter jurisdiction over this action alleging solely state law claims. There is nothing in the record that "affirmatively" shows that this is a federal action. Indeed, it is clear from the Complaint that Plaintiff has not alleged any claim arising under any federal law. Moreover, courts in this District have held that federal courts do not have jurisdiction over shareholder derivative suits containing allegations of violations of the securities laws when those securities law issues are not dispositive. See Sung v. Wasserstein, 415 F. Supp. 2d 393 (S.D.N.Y. 2006) (Marrero, J.); see also Fagin v. Gilmartin, No. 03-2631, 2007 U.S. Dist. Lexis 7256 (D.N.J. Feb. 1, 2007).

**B.      Plaintiff Will be Unfairly Prejudiced if the Court Defers Ruling on the Motion to Remand Pending Further Proceedings in the Consolidated Cases**

Plaintiff Eidman filed his Motion to Remand almost five months ago. Based on the briefing schedule in place in the Consolidated Cases, it will be another three months before the motions to dismiss the complaints in the Consolidated Cases are fully briefed, making it unlikely that any decisions on said motions would be rendered before the end of the year. Thus, if the Court were to wait until such time to hear Plaintiff's Motion to Remand, it would be likely that the Motion to Remand would not be heard for more than a year after the Motion to Remand was filed. This delay would effectively stay the Eidman action, over which the Court lacks jurisdiction, for over 12 months. See Wisconsin v. Amgen, Inc., 469 F. Supp. 2d 655, 661 (W.D. Wis. 2007) (Court denied defendant's motion to stay because staying the action "would prove inefficient and cause

unnecessary delay"); see also Lloyd v. Cabell Huntington Hosp., Inc., 58 F. Supp. 2d 694, 696 (S.D.W. Va. 1999 ("This Court cannot, however, stay proceedings in an action over which it lacks jurisdiction").

Moreover, such a stay would not only be prejudicial to Plaintiff, it would be pointless since any decision the Court may enter in the Consolidated Cases would have no bearing on the Eidman action because this Court lacks subject matter jurisdiction over the claims asserted in Eidman.

Accordingly, the Court should hear Plaintiff's Motion to Remand at its earliest convenience.

C.      **This Court is the Proper Forum to Address the Jurisdictional Issues Raised in Plaintiff's Motion to Remand**

Second Circuit precedent dictates that it is most appropriate for a transferee court to hear and resolve any outstanding jurisdictional issues following the transfer of an action pursuant to MDL transfer order. See In re Ivy, 901 F.2d 7, 9 (2d Cir. 1990).

In Ivy, defendant removed to the Eastern District of Texas an action against various chemical companies that was originally filed in a Texas state court. Immediately following the removal, the JPMDL transferred the action to the Eastern District of New York, and noted that the plaintiffs' motion to remand should be heard by the transferee judge. Ruling on a writ of mandamus to vacate the MDL transfer order, the Second Circuit denied the petition, and stated that:

> Once transferred, the jurisdictional objections can be heard and resolved by a single court and reviewed at the appellate level in due course. Consistency as well as economy is thus served. We hold, therefore, that the MDL Panel has jurisdiction to transfer a case in which a jurisdictional objection is pending, that objection to be resolved by the transferee court.

6

Id. (emphasis added, internal citations omitted). See also Debono v. Am. Home Prods. Corp., No. 04cv3810, 2004 U.S. Dist. LEXIS 23235 at *2 (S.D.N.Y. Nov. 16, 2004) (Chin, J.); Medical Soc'y v. Conn. Gen. Corp., 187 F. Supp. 2d 89, 91 (S.D.N.Y. 2001) (Haight, J.).

Accordingly, as the transferee Court, this Court should rule on Plaintiff's fully-briefed Motion to Remand.

## CONCLUSION

For the foregoing reasons, the Court should hear Plaintiff's Motion to Remand separate and apart from any further proceedings in the Consolidated Cases.

Dated: New York, New York
          June 12, 2008

                                              **Horwitz, Horwitz & Paradis,**
                                              **Attorneys at Law**

                                              By: /s/ Michael A. Schwartz
                                              Michael A. Schwartz (MS 2352)
                                              Edward Y. Kroub (EK 4999)
                                              28 West 44th St., 16th Floor
                                              New York, NY 10036
                                              Tel: (212) 404-2200
                                              Fax: (212) 404-2226

                                              **LAW OFFICES OF JAMES V.**
                                              **BASHIAN, P.C.**
                                              James V. Bashian, Esq.
                                              271 Route 46 West, Suite F207
                                              Fairfield, New Jersey 07004
                                              Tel: (973) 227-6330
                                              Fax: (973) 808-8665

## **CERTIFICATION**

I hereby certify that on this date a copy of the foregoing Plaintiff Eidman's Memorandum of Law in Support of Request for Ruling On Plaintiff's Motion to Remand the Action to the New Jersey Superior Court Pursuant to 28 U.S.C. § 1447(c) and the Declaration of Edward Y. Kroub in Support of said document were filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Dated: New York, New York
      June 12, 2008

/s/  Michael A. Schwartz
Michael A. Schwartz (MS 2352)
