# EXHIBIT "B"

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **In re MERRILL LYNCH & CO, INC. SECURITIES, DERIVATIVE AND ERISA LITIGATION** | **Master File No.** **07cv9633 (LBS) (AJP)(DFE)** |

**This Document Relates to:**

| | |
|---|---|
| **Derivative Action** **07cv9696(LBS)(AJP)(DFE)** **and** **N.A. Lambrecht v. O'Neal,** *et al.* **08 cv 6582 (LBS)(AJP)(DFE)** | **Civil Action No.** **08cv6582 (LBS)(AJP)(DFE)** |

### [PROPOSED]

### DERIVATIVE ACTIONS CONSOLIDATION ORDER

NOW, this __day of August, 2008, upon consideration of plaintiff Lambrecht's Objection to a Portion of Consolidation Order of March 12, 2008 (the "Order") and Leadership of Derivative Actions, it is hereby ORDERED that in the interests of judicial economy and in recognition of the materially different legal and factual positions of plaintiff Lambrecht from those of the other plaintiffs suing derivatively ("Demand Futile Plaintiffs") on behalf of Nominal Defendant Merrill Lynch & Co., Inc. ("Merrill Lynch"):

## CONSOLIDATION AND MODIFICATION OF THE ORDER

1. ¶¶ 4 and 5 of the Order are hereby withdrawn and the Order generally is modified to reflect the elimination of the term "the Plaintiffs' Executive Committee in the Derivative Action" and replace it with the term "Co-Lead Counsel in the Derivative Actions."

2. The *Lambrecht* Complaint shall not be consolidated with the pre-existing Derivative Action or the Consolidated Amended Complaint therein. The prosecution and defense of the *Lambrecht* action shall nevertheless be coordinated, for pre-trial purposes, with the Derivative Actions commenced by the Demand Futile Plaintiffs so as to minimize the burdens on the Court and all parties.

3. Pursuant to Fed. R. Civ. P. 42(a), the Derivative Actions commenced by the Demand Futile Plaintiffs shall remain consolidated into docket number 07cv9696 (LBS)(AJP)(DFE) for all purposes including, but not limited to, discovery, pretrial proceedings and trial ("Demand Futile Derivative Action"). The Consolidated Amended Complaint in the Demand Futile Derivative Action shall remain the operative pleading therein.

**CO-LEAD COUNSEL IN THE DERIVATIVE ACTIONS**

4. The Court appoints Richard D. Greenfield, Esquire, representing plaintiff Lambrecht, and_____, Esquire, representing the Demand Futile Plaintiffs as Co-Lead Counsel in the Derivative Actions.

5. Defendants' Counsel may rely upon all agreements made with plaintiffs' Co-Lead Counsel in the respective *Lambrecht* and Demand Futile Derivative Actions and such agreements shall be binding on the respective plaintiffs.

**FURTHER PROCEEDINGS**

6. With respect to the *Lambrecht* case, the parties thereto are directed to meet and confer within 14 days of this Order with respect to whether defendants or any of them will respond to the Complaint at this time, move against it or present to the Court another proposal for further proceedings therein.

**CONTEMPORANEOUS TIME AND EXPENSE REPORTS**

7. Plaintiffs' counsel who anticipate seeking an award of attorneys' fees from the Court in the Derivative Actions should they be resolved successfully shall maintain a daily record of time spent and expenses

incurred in connection with this litigation, indicating with specificity the hours, location, and particular activity (such as "conduct of deposition of A.B."), and submit such records to Co-Lead Counsel in such form and manner as they may designate. The failure to maintain and submit to Co-Lead Counsel such records will be grounds for denying Court-awarded attorney fees, as will an insufficient description of the activity (such as "research" or "review of correspondence").

SO ORDERED.

Dated: New York, New York
August __,2008                           _____
                                          United States District Judge